1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10   MICHAEL DARE, PRO SE,                    )    Civil No. 15-cv-02833 JAH(KSC)
                                              )
11                      Plaintiff,            )    **ORDER GRANTING DEFENDANTS'**
     v.                                       )    **MOTION TO DISMISS**
12                                            )    **PLAINTIFF'S COMPLAINT [DOC.**
     AEGIS WHOLESALE                          )    **NO. 6]**
13   CORPORATION; US BANK                     )
     NATIONAL ASSOCIATION AS                  )
14   SUCCESSOR TO DOWNEY SAVINGS              )
     AND LOAN ASSOCIATION;                    )
15   NATIONSTAR MORTGAGE LLC; et              )
     al.,                                     )
16                                            )
                        Defendants.           )
17   _____ )

18                             INTRODUCTION

19
            Pending before the Court is Defendants' US Bank National Association ("US
20
     Bank") and Nationstar Mortgage, LLC ("Nationstar") motion to dismiss the complaint for
21
     failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the
22
     Federal Rules of Civil Procedure.[1] (See  Doc. 6).  Plaintiff Michael Dare ("Plaintiff") filed
23
     an opposition to the motion. (See  Doc. 10).  After a careful review of the pleadings and
24
     relevant  exhibits submitted  by the parties, this Court  **GRANTS** Defendants' motion to
25
     dismiss.
26

27   _____

            [1]Defendant Aegis Wholesale Corporation (Aegis) was liquidated through chapter 11 bankruptcy. See
28   In re Aegis Wholesale Corp., No. 07-11120-BLS (Bankr. D. Del.)

## FACTUAL BACKGROUND

Plaintiff is a resident of San Diego County and is the recorded title holder to the property located at 1800 S. Juniper Street, Escondido, CA 92025. (Compl.¶1.) Defendant US Bank is a national banking association with its main office in Cincinnati, Ohio. (Doc. 1. at 3). Defendant Nationstar is a Delaware limited liability company with its principal place of business in Lewisville, Texas. (Id.)

On April 5, 2006, Plaintiff refinanced his property with a loan from Aegis Wholesale Corporation ("Aegis"). (Doc. 1., Exhibit A). The loan was secured by a deed of trust on the property recorded April 10, 2006. (Doc. 1., Exhibit B). The deed of trust named Commonwealth Land Title as trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as the initial beneficiary. (Id.)

In June of 2011, MERS assigned the deed of trust to US Bank. (Doc. 1., Exhibit C). [2] In March of 2014, Nationstar, as attorney in fact for US Bank, executed a substitution of trustee naming Sage Point Lender Services, LLC ("Sage Point") as trustee. (Doc. 6., Exhibit 4). Sage Point recorded a default against the property on April 15, 2014. (Id., Exhibit 5). The default stated that Plaintiff owed $145,198.39 as of April 15, 2014. (Id.) US Bank subsequently executed a substitution of trustee appointing Barret Daffin Frappier Treder & Weiss, LLS ("Barret Daffin") as trustee in July of 2015. (Id., Exhibit 6). Barrett Daffin then recorded a notice of trustee's sale against the property, indicating the property would be sold at foreclosure on October 9, 2015. (Id., Exhibit 7).

## PROCEDURAL BACKGROUND

Plaintiff initiated the instant complaint in San Diego Superior Court on November 17, 2015. (See Doc. 1, Exhibit 1). Plaintiff alleges seven causes of action: 1) fraud in the concealment; 2) unconscionable contract; 3) breach of fiduciary duty; 4) intentional infliction of emotion distress; 5) declaratory relief; 6) wrongful foreclosure; and 7) violation of the California Homeowner Bill of Rights. (See Compl.) The complaint

---

[2] MERS subsequently corrected the assignment of deed of trust, naming the deed to US Bank as Trustee- not US Bank, N.A. as Successor to Downey Savings and Loan Association. (Doc 1., Exhibit D).

15cv02833

1  was removed on December 16, 2015. (See Doc. 1). On January 13, 2016, Defendants

2  filed a motion to dismiss for failure to state a claim upon which relief can be granted

3  pursuant to Fed. R. Civ. P. 12(b)(6). (See Doc. 6). Plaintiff filed an opposition to the

4  motion on February 3, 2016. (See Doc. 10). Defendants filed a reply to the opposition on

5  March 7, 2016. (See Doc. 13). The motion was subsequently taken under submission

6  without oral argument pursuant to Local Rule 7.1(d.1).

### DISCUSSION [3]

7

8  1.       Legal Standards

9          a.       12(b)(6)

10         A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint and

11  the claims alleged. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). A complaint

12  may be dismissed where it fails to plead essential facts under a legal theory. See Robertson

13  v. Dean Witter reynolds, Inc., 749 F.2d 530, 534, (9th Cir. 1984). While a plaintiff need

14  not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a

15  right to relief above the speculative level." See Bell Atl. Corp. v. Twombly, 550 U.S. 544,

16  545 (2007).

17         The Supreme Court has held that, while a complaint does not need detailed factual

18  allegations "[a] plaintiff's obligation to provide 'grounds' of his 'entitle(ment) to relief

19  requires more than labels and conclusions.... Factual allegations must be enough to raise

20  a right to relief above the speculative level...." See Salsman v. Access Sys. Ams., Inc., 2010

21  U.S. Dist. 9, 5 (N.D. Cal. 2010) (Citing to: Twombly, 550 U.S. at 555). A claim is

22  facially plausible when the factual allegations permit "the court to draw the reasonable

23  inference that the defendant is liable for the misconduct alleged." Id. In other words, "the

24

25         [3]. Defendants ask this Court to take judicial notice of seven documents attached to its motion to
dismiss as Exhibits 1-7. (See Doc. No. 6). Exhibits 1-7 are various official records of the County of San Diego

26  including the Deed of Trust, Assignment of Deed of Trust, Corrective Corporation Assignment of Deed of
Trust, Substitution of Trustee, Notice of Default and Election to Sell Under Deed of Trust, Substitution of

27  Trustee, and Notice of Trustee's Sale. Id. Because Exhibits 1-7 are publicly recorded and publicly accessible
documents whose accuracy cannot reasonably be questioned, this Court deems it appropriate to take judicial

28  notice of Exhibits 1-7. Fed. R. Evid. 201(b); see also Anderson v. Holder, 673 F.3d 1089, 1094, n.1 (9th Cir.
2012); Caldwell v. Caldwell, 2006 WL 618511, * 4 (N.D. Cal. 2006).

3

1  non-conclusory 'factual content,' and reasonable inferences from that content, must be

2  plausibly suggestive of a claim entitling the plaintiff to relief." See Moss v. U.S. Secret

3  Serv., 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a

4  plausible claim for relief will be a context-specific task that requires the reviewing court to

5  draw on its judicial experience and common sense." See Ashcroft v. Iqbal, 129 S. Ct. 1937,

6  1950 (2009).

7      In reviewing a motion to dismiss under Rule 12(b)(6), the court may consider

8  documents referenced in a complaint as long as the documents do not convert the motion

9  to one for summary judgment. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198

10  (9th Cir. 1988). In considering a motion to dismiss, a court must assume the truth of all

11  factual allegations and must construe all inferences from them in the light most favorable

12  to the nonmoving party. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002);

13  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). However, legal

14  conclusions need not be taken as true merely because they are cast in the form of factual

15  allegations. See Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western

16  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion

17  to dismiss, the court may consider the facts alleged in the complaint, documents attached

18  to the complaint, documents relied upon but not attached to the complaint when

19  authenticity is not contested, and matters of which the court takes judicial notice. See Lee

20  v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001). If a court determines that

21  a complaint fails to state a claim, the court should grant leave to amend unless it

22  determines that the pleading could not possibly be cured by the allegation of other facts.

23  See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

24      b.    9(b)

25      Pursuant to Rule 9(b), "[i]n all averments of fraud or mistake, the circumstances

26  constituting fraud or mistake shall be stated with particularity." According to Rule 9(b),

27  the complaint must contain specific allegations of who, what, where, when and how of the

28  misconduct as to each defendant's role in the alleged fraud. See United States ex rel.

1  Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011); Vess v.

2  Ciba-Geigy Corp., 317 F.3d 1097, 1106 (9th Cir. 2003).

3  2.    Analysis

4      In  the instant motion, Defendants contend (a) Plaintiff's fraud claim is

5  insufficiently pled and time-barred; (b) Plaintiff's "unconscionable contract[s]" claim fails

6  because there are no factual allegations supporting procedural or substantive

7  unconscionability; (c) Plaintiff's breach of fiduciary duty claim fails to allege the existence

8  of a fiduciary duty; (d) Plaintiff's  intentional infliction of emotional distress claim fails

9  to detail outrageous conduct; and (e) Plaintiff's declaratory judgment, wrongful

10  foreclosure, and HBOR claims should be dismissed for lack of tender. (See Doc. 6).

11  A.    Fraud, Unconscionable Contract[s], and Breach of Fiduciary Duty Claims

12      Defendants assert  that Plaintiff's fraud claim  is not pled with particularity and fails

13  to meet Rule 9(b)'s pleading  requirements. (See Doc. 6 at 9).  A fraud claim contains  five

14  elements: 1) misrepresentation or concealment; 2) knowledge of the falsity; 3) intent to

15  defraud; 4) justifiable reliance; and 5) resulting damage.  Kearns v. Ford Motor Co., 567

16  F.3d 1120, 1126 (9th Cir. 2009) (quoting Engalla v. Permanente Med. Grp., Inc., 15 Cal.

17  4th 951, 974, (Cal 1997)). Additionally, a fraud allegation must include the "the who,

18  what, when, where, and how of the misconduct charged." Kearns, 567 F.3d 1120, 1124

19  (internal citations omitted).

20      Here, Defendants argue that Plaintiff's  claim fails to allege specific  wrongdoing on

21  the part of either U.S. Bank or Nationstar, neither of whom were privy to the Plaintiff's

22  original 2006 loan.  In addition, Defendants assert Plaintiff  fails to specifically identify

23  the names of the persons who made fraudulent representations as required in a fraud

24  action  against a corporation. Saldate v. Wilshire Credit Corp., 268 F.R.D. 87, 102 (E.D.

25  Cal. 2010) ("in a fraud action against a corporation, a plaintiff must "allege the names of

26  the persons who made the allegedly fraudulent representations") (citing Tarmann v. State

27  Farm Mut. Auto Ins. Co., 2 Cal. App. 4th 153, 157 (1991)).

28

15cv02833

1    Defendants further argue that Plaintiff's fraud claim is time-barred by the three-year

2    statute of limitations. *Cal. Civ. Proc. Code § 338.* California mandates that a cause of

3    action accrues under the statute of limitations when the aggrieved  party discovered the

4    facts constituting fraud. See Meadows v. Bicrodyne Corp., 785 F.2d 670, 672 (9th Cir.

5    1986).  Defendants purport that the statute of limitations expired three years after the

6    original 2006 loan, rendering Plaintiff's claim six years too late. (See Doc. at 10).

7         Here, Plaintiff fails to allege specific actions on the part of either US Bank or

8    Nationstar that amount to fraud. Plaintiff's claims are predicated on Aegis's knowing

9    concealment of third party securitizers as well as Aegis's failure to "disclose material terms

10   of the [loan]" which induced Plaintiff to enter into the agreement. (Compl. ¶23.)

11   Plaintiff's claims, however,  are conclusory. Plaintiff alleges no supporting facts that give

12   rise to a plausible claim that Defendants intended to defraud him. In addition, Plaintiff

13   fails to allege how or why Defendants' actions were fraudulent. Plaintiff fails to

14   demonstrate  why the substitution of securitizer is fraudulent aside from stating so in

15   general, conclusory terms.

16        In addition, Plaintiff's fraud claim is barred by the three year statute of limitations.[4]

17   Plaintiff could argue discovery accrued upon the April 15, 2014 notice of default.

18   However, Plaintiff fails to support this argument. Plaintiff attaches exhibits of the changed

19   loan documents with his complaint. There is no evidence suggesting Plaintiff only recently

20   discovered these documents. "A plaintiff whose complaint shows on its face that his claim

21   would be barred without the benefit of the discovery rule must specifically plead facts to

22   show (1) the time and manner of discovery and (2) the inability to have made earlier

23   discovery despite reasonable diligence. The burden is on the plaintiff to show diligence,

24   and conclusory allegations will not withstand demurrer." McKelvey v. Boeing N. Am., Inc.,

25   74 Cal. App. 4th 151, 86 Cal. Rptr. 2d 645 (1999), as modified (July 14,

26

27

28        [4]Defendants address the statue of limitations in their motion to dismiss. (See Doc. 6). Plaintiff fails
     to address this argument in his opposition. (See Doc. 10).

6                                                        15cv02833

1   1999), *superseded by statute on another point* as stated in <u>Grisham v. Philip Morris</u>

2   <u>U.S.A., Inc.</u>, 40 Cal. 4th 623 (2007).

3         In addition, California courts have held that a fraud claim accrues when the litigant

4   knows the loan is "negatively amortizing" rather than at the foreclosure stage. <u>Walker v.</u>

5   <u>Washington Mut. Bank FA</u>, 63 F. App'x 316, 317 (9th Cir. 2003); <u>see also</u>

6   <u>Montgomery v. Nat'l City Mortg.</u>, No. C 12 1359 EMC, 2012 WL 1965601, at *9 (N.D.

7   Cal. May 31, 2012) (dismissing a mortgage related complaint for fraud where the Plaintiff

8   alleged he did not become aware of the wrongful acts until facing foreclosure on his home);

9   <u>Faulkner v. Burton</u>, 126 Cal. App. 2d 210, 213, 271 P.2d 948 (1954) ("In cases where

10  relief is sought from fraud, by action commenced more than three years after the

11  perpetration of the fraud, the plaintiff is held to stringent rules of pleading and evidence;"

12  and must plead "distinct averments as to the time when the fraud was discovered and what

13  the discovery is, so that the court may clearly see whether by ordinary diligence the

14  discovery might not have been sooner made. A general allegation of ignorance at one time

15  and of knowledge at another is of no effect.").

16        Here, Plaintiff has pled only general allegations of ignorance stemming from his

17  discovery of the wrongdoing  upon foreclosure of his house. Plaintiff offers no other

18  specific allegations that enable the Court to find Plaintiff's claim  falls within the three

19  year statute of limitations.

20     Defendants also contend Plaintiff's unconscionable contract claim should be dismissed

21  because  it fails to show procedural and substantive unconscionability. (<u>See</u> Doc. 6 at 11).

22  Plaintiff alleges that Defendants' intended to exploit Plaintiff's disadvantages, namely, his

23  lack of sophistication  with the  mortgage process. (Compl.¶ 33-34.)

24        The doctrine of unconscionability requires both substantive and procedural

25  elements. <u>Graham v. Bank of Am., N.A.</u>, 226 Cal. App. 4th 594, 616, 172 Cal. Rptr. 3d

26  218, 236 (2014). The procedural  element of the doctrine requires oppression or surprise.

27  Oppression occurs when a contract involves lack of negotiation and meaningful choice.

28  Surprise occurs where the allegedly unconscionable provision is hidden within a prolix

15cv02833

1  printed form. Id. The substantive element requires risk have been allocated in an

2  objectively unreasonable or unexpected manner demonstrating that the contract's terms

3  "shock the conscience." Id.

4      Here, Plaintiff has not pled facts that demonstrate unconscionability. Plaintiff does

5  not assert facts that demonstrate the lack of choice or negotiation.  Plaintiff does not allege

6  he  did not have the option of seeking another lender, nor does Plaintiff allege he did not

7  have the option to choose not to enter the market place at the time.  Plaintiff's claim

8  Defendants took advantage of Plaintiff's lack of sophistication is not sufficient to allege

9  unconscionability. Accordingly, Plaintiff's claim for an unconscionable contract is legally

10  insufficient.

11      As to Plaintiff's breach of fiduciary duty claim, Defendants allege that the complaint

12  is directed almost exclusively at Aegis and only vaguely refers to Defendants. (Doc. 6. at

13  12). Additionally, Defendants assert the complaint fails to show the existence of a

14  fiduciary relationship between Plaintiff and either U.S. Bank  or Nationstar. Id.

15      A breach of fiduciary duty requires three elements: 1) the existence of a fiduciary

16  duty; 2) a breach of that duty; and 3) resulting damage. See City of Atascadero v. Merrill

17  Lynch, Pierce, Fenner & Smith, Inc., 68 Cal. App. 4th 445, 80 Cal. Rptr. 2d 329 (1998),

18  as modified on denial of reh'g (Jan. 6, 1999).

19      Here, Plaintiff's claim fails to establish the existence of a fiduciary duty. It is well

20  established that the relationship between a lending institution and its borrower-client is

21  not fiduciary in nature.  Nymark v. Heart Fed. Sav. & Loan Assn., 231 Cal. App. 3d 1089,

22  1093 (Ct. App. 1991). Indeed,  absent  "special circumstances... a loan transaction is at

23  arms-length and there is no fiduciary relationship between the borrower and lender."

24  Rangel v. DHI Mortg. Co., No. CV F 09 1035 LJO GSA, 2009 WL 2190210, at *3 (E.D.

25  Cal. July 21, 2009) (quoting Oaks Mgmt. Corp. v. Superior Court, 145 Cal. App. 4th 453,

26  466, 51 Cal. Rptr. 3d 561, 570 (2006)).

27      In conclusion, after a full review of both parties' pleadings, the Court finds that

28  Plaintiff's complaint fails to articulate with sufficient particularity facts that survive a

15cv02833

1  review  under Rules 12(b)(6) and 9(b).  Accordingly, Defendants' motion to dismiss the

2  fraud, unconscionable contact, and breach of fiduciary duty claim is **GRANTED.**

3

4  **B.      Intentional Infliction of Emotional Distress Claim**

5        Defendants allege Plaintiff's intentional infliction of emotional distress claim is

6  insufficiently pled. (See Doc. 6 at 13). Defendants allege Plaintiff fails to assert any

7  outrageous conduct "beyond all reasonable bounds of decency" outside the normal non-

8  judicial foreclosure process. (Id. at 14).   Additionally, Defendants   assert because of

9  Plaintiff's default as the borrower, a bank or a commercial lender's legal right to pursue its

10 economic interest  is not outrageous conduct. Yu v. Signet Bank/Virginia, 69 Cal. App. 4th

11 1377, 82 Cal. Rptr. 2d 304 (1999).

12        To state a claim for intentional infliction of emotional distress, a plaintiff must

13 allege facts showing: (1) extreme and outrageous conduct by the defendant, (2)

14 intention to cause or reckless disregard of the probability of causing emotional distress,

15 (3) severe emotional suffering, and (4) actual and proximate causation of the emotional

16 distress. See Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004); see also

17 Christensen v. Superior Court, 54 Cal.3d 868, 903-04 (1991). "Outrageous conduct" is

18 that which exceeds all bounds usually tolerated by a decent society, and is of a nature

19 which is especially calculated to cause, and does cause, mental distress. See McDaniel v.

20 Gile, 230 Cal.App.3d 363, 372 (1991). While the issue of outrageousness is normally

21 an issue of fact to be determined by the trier of fact, the court may determine in the first

22 instance whether the defendant's conduct may reasonably be regarded as so extreme and

23 outrageous as to permit recovery.  See Trerice v. Blue Cross of California, 209

24 Cal.App.3d 878, 883 (1989).

25        Absent other circumstances, the act of foreclosing on a home is not the kind of

26 extreme conduct that supports an intentional infliction of emotional distress claim. See

27 Harvey G. Ottovich Revocable Living Trust Dated May 12, 2006 v. Wash. Mut., Inc.,

28 2010 WL 3769459, at *4–5, (N.D. Cal. 2010); Mehta v. Wells Fargo Bank, N.A., 2010

1  WL 3385020, at \*16 (S.D. Cal. 2010)("The fact that one of defendant Wells Fargo's

2  employees allegedly stated that the sale would not occur but the house was sold anyway

3  is not outrageous as that word is used in this context")

4      Here, Plaintiff alleges Defendant Nationstar intentionally, knowingly, and

5  recklessly misrepresented material facts with respect to the deed of trusts's power of sale

6  provision.  (Compl. ¶46). In addition, Plaintiff's complaint asserts Nationstar fraudulent

7  foreclosure on the property is extreme and outrageous behavior that it exceeds the

8  bounds of society.(Compl. ¶47).  Further, the complaint states Nationstar was not

9  acting in good faith while attempting to collect Plaintiff's debt, as a result causing

10  Plaintiff to suffer sever emotional distress. Id. ¶49.

11      This Court finds that Plaintiff's allegations fail to assert extreme and outrageous

12  conduct by Defendants outside that behavior found in the foreclosure process.

13  Accordingly, Plaintiff's intentional infliction of  emotional distress claim fails.

14  E.      Declaratory Judgment Claim

15      Defendants allege Plaintiff's declaratory judgment claim is barred for lack of

16  tender.  (See Doc. 6 at 14).  Plaintiff's complaint seeks to quiet title  to the property as

17  of the date of the complaint. Defendants assert, however, that  Plaintiff has not satisfied

18  his obligations under the deed of trust. These obligations include the requirement

19  Plaintiff make payments until the note is paid in full. In addition, Plaintiff has not made

20  an offer of tender as required by law.

21      The purpose of a quiet title action is to determine "all conflicting claims to the

22  property in controversy, and to decree to each such interest or estate therein as he may

23  be entitled to." See Connors v. Home Loan Corp., 2009 WL 1615989, at \*7 (S.D. Cal.

24  2009); Newman v. Cornelius, 3 Cal.App.3d 279, 284 (1970). To allege a cause of

25  action to quiet title, plaintiffs must allege tender or offer of tender of the amounts

26  admittedly borrowed. See Connors, 2009 WL 1615989, at \*7; Arnolds Management

27  Corp. v. Eischen, 158 Cal.App.3d 575, 578 (1984). In the absence of the ability to

28  tender indebtedness and foreclosure irregularities, plaintiff's quiet title claim fails.

Additionally, a plaintiff is required to name the "specific adverse claims" that form the

1  basis of the property dispute. Cal.Code Civ. Proc. § 761.020, at ¶3; See also Connors,

2  2009 WL 1615989, at *7;  Sierra-Bay Fed. Land Bank Ass'n v. Superior Court, 227

3  Cal.App.3d 318, 336, 277 (1991).

4      Here, Plaintiff's complaint requests the Court make "a judicial determination of

5  the rights, obligations, and interest of the parties with regard to the subject property."

6  (Comp. ¶55). Specifically, Plaintiff alleges the equitable ownership of the subject

7  property providing the Court with the legal description of the property including the

8  street address, the filing date, and Plaintiff's right in the subject property. (Comp. ¶¶55-

9  57). However, none of the allegations in the complaint show adverse claims brought by

10  Defendants or any specific allegation of Plaintiff's ability to tender indebtedness and

11  foreclosure irregularities with factual supports aimed at Defendants.

12      Accordingly, Plaintiff's declaratory judgment claim is not legally sufficient.

13  **F.      Wrongful Foreclosure Claim**

14      Defendants similarly allege Plaintiff's wrongful foreclosure claim should be

15  dismissed for lack of tender (See Doc. No. 6-1 at 14–15). Defendants assert the

16  complaint fails to show Plaintiff has tendered or is willing to tender  the outstanding

17  loan balance. Id. at 15.

18      The California Courts of Appeal have identified the following elements of a claim

19  for wrongful foreclosure:

20  "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real
property pursuant to a power of sale in a mortgage or deed of trust, (2) the party attacking
21  the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed, and
(3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor
22  tendered the amount of the secured indebtedness or was excused from tendering." See Lona
v. Citibank, N.A., 202 Cal.App.4th 89, 104 (2011).

23

24      The first prong of the statute may be satisfied through a variety of procedural

25  defects, such as noncompliance with the requirements for notice or the trustee's lack of

26  authority to foreclose. Id. at 104–05. The second prong of the statute is met when an

27  irregularity in the proceeding adversely affects the trustors' ability to protect their interest

28  in the property. See Ram v. OneWest Bank, FSB, 234 Cal.App.4th 1, 11 (2015). Prejudice

15cv02833

1  is not presumed from "mere irregularities" in the process. Id.; Fontenot v. Wells Fargo

2  Bank, N.A. 198 Cal.App.4th 256, 272 (2011)(slight defects in timing of notice of sale and

3  in stating of date of default were not prejudicial). "The prejudice or harm element is met

4  only if a plaintiff demonstrates that the foreclosure would have been averted but for the

5  alleged deficiencies." See Albano v. Cal-W. Reconveyance Corp., No. 12CV4018, 2012 WL

6  5389922, at *6 (N.D. Cal. 2012). The third prong requires a Plaintiff either tender or be

7  excused from tendering the amount of the debt.

8        Here, Plaintiff's complaint fails to allege tender of the outstanding loan balance. See

9  Lona, 202 Cal.App.4th at 104. Plaintiff has made no showing that they have offered or

10  have been excused from offering the amount of indebtedness on the loan.

11        Therefore, the Court finds that Defendants' motion to dismiss Plaintiff's wrongful

12  foreclosure cause of action is legally insufficient pursuant to Rule 12(b)(6).

13  G.      Homeowner Bill of Rights ("HBOR") Claim

14        Defendants allege Plaintiff's HBOR allegations fail to state a claim. (See Doc. No.

15  6-1 at 16). Plaintiff alleges that Defendants engaged in "dual tracking,' a violation of the

16  HBOR. Under Cal. Civ. Code § 2923.6, a loan servicer who "receives a complete first lien

17  loan modification application" may not "record a notice of default or notice of sale, or

18  conducting a trustee's sale, while the first lien loan modification application is pending."

19  Cal. Civ. Code § 2923.6(c).

20        Here, the complaint and the recorder documents show that Plaintiff applied for a

21  loan modification to Nationstar on September 29, 2015, after the notice of default and

22  notice of sale occurred on September 9, 2015. (See Doc. No. 6-1 Ex. 7.; Comp. Ex. F).

23  Therefore, Plaintiff's claim fails to provide sufficient facts demonstrating Defendants

24  violated the HBOR by engaging in 'dual tracking.'

25        In addition, Plaintiff alleges Defendants violated the HBOR because they did not

26  meet the bill's single point of contact requirement. (Compl. ¶65). Cal. Civ. Code § 2923.7

27

28

15cv02833

1  requires loan servicers establish a single point of contact "upon request from a borrower

2  who requests a foreclosure prevention alternative." Cal. Civ. Code § 2923.7(a).

3      Here, Plaintiff fails to sufficiently allege that Defendants violated this prong of the

4  HBOR. Plaintiff argues that Nationstar sent Plaintiff a letter "providing a single point of

5  contact number," but fails to demonstrate any request on his own part. Absent a request,

6  the HBOR does not require assignment of a single point of contact. Id.

7      Notwithstanding Plaintiff's allegation regarding the single point of contact, because

8  Plaintiff alleges that he applied for a loan modification after the notice of default, relief

9  pursuant to the HBOR is not available to him.

10

### CONCLUSION AND ORDER

11  In sum, assuming the truth of all factual allegations and reasonable inferences drawn

12  therefrom in the light most favorable to the Plaintiff, Plaintiff fails to plead facts

13  demonstrating he has a right to relief above the speculative level, Bell Atl. Corp. v.

14  Twombly, 550 U.S. at 555, or fails to plead facts under specified legal theories.

15  Robertson, 749 F.2d at 534.

16      When the Court determines that a complaint fails to state a claim, the Court

17  should permit leave to amend the complaint, unless the Court determines that the

18  claim(s) could not possibly be cured by the allegation of other facts. Doe v. United States,

19  58 F.3d at 497. Here, the Court has determined that additional factual allegations could

20  not possibly cure Plaintiff's Breach of Fiduciary Duty and HBOR claims.

21  //

22  //

23  //

24  //

25  //

26

27

28

13                                                          15cv02833

1    Accordingly, **IT IS HEREBY ORDERED** that:

2

3    1.    Plaintiff's claims for Breach of Fiduciary Duty and Homeowner Bill of Rights violation are **DISMISSED with prejudice**.

4    2.    Plaintiff's claims for Fraud, Unconscionable Contract(s), Intentional Infliction of Emotional Distress, Declaratory Judgment and Wrongful Foreclosure are **DISMISSED without Prejudice**.

5

6    3.    Plaintiff may file an amended complaint as to the claims in (2) above within twenty-one (21) days of the date this ORDER is electronically docketed. Plaintiff's failure to file an amended complaint by this date may result in dismissal of the entire complaint with prejudice.

7

8

9    **IT IS SO ORDERED.**

10

11    DATED: March 27, 2017

12    _____

13    JOHN A. HOUSTON
      United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14                                                              15cv02833