UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DARE, PRO SE,<br><br>                   Plaintiff,<br><br>v.<br><br>AEGIS WHOLESALE CORPORATION;<br>US BANK NATIONAL ASSOCIATION<br>AS SUCCESSOR TO DOWNEY<br>SAVINGS AND LOAN ASSOCIATION;<br>NATIONSTAR MORTGAGE LLC;<br>BANK OF AMERICA, N.A.; et all,<br><br>                   Defendants. | Case No.: 15cv2833-JAH (KSC)<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

## **INTRODUCTION**

     Pending before the Court is Defendant Nationstar Mortgage LLC ("Nationstar") and Defendant U.S. Bank's ("U.S. Bank") Motion to Dismiss Plaintiff Michael Dare's ("Plaintiff") Second Amended Complaint ("SAC") for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. No. 50]. Also pending before the Court is Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss Plaintiff's SAC on similar grounds. [Doc. No. 51]. After a careful review of the pleadings filed by all

parties, and for the reasons set forth below, the Court **GRANTS** both Defendants' Motions to Dismiss.

## FACTUAL BACKGROUND

This suit concerns the property located at 1800 S. Juniper Street, Escondido, California ("Property"). See Doc. No. 49, ¶ 12. On April 5, 2006, Plaintiff refinanced the Property with a loan from Aegis Wholesale Corporation ("Aegis") which was secured by a deed of trust on the property recorded April 10, 2006. Id. at ¶¶ 2, 3.[1] The deed of trust named Commonwealth Land Title as trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as the initial beneficiary. Id., Exhibit B.

In June of 2011, MERS assigned the deed of trust to U.S. Bank. Id., Exhibit C. In March of 2014, Nationstar, as attorney in fact for U.S. Bank, executed a substitution of trustee naming Sage Point Lender Services, LLC ("Sage Point") as trustee. Id., Exhibit F. Sage Point recorded a default against the property on April 15, 2014. Id., Exhibit G. The default stated that Plaintiff owed $145,198.39 as of April 15, 2014. See Doc. No. 50–6. U.S. Bank subsequently executed a substitution of trustee appointing Barret Daffin Frappier Treder & Weiss, LLS ("Barret Daffin") as trustee in July of 2015. See Doc. No. 50–7. Barrett Daffin then recorded a notice of trustee's sale against the property, indicating the property would be foreclosed and sold on October 9, 2015. See Doc. No. 50–8.

## PROCEDURAL BACKGROUND

Plaintiff initiated the present lawsuit in San Diego Superior Court on November 17, 2015. See Doc. No. 1, Exhibit 1. Plaintiff's original complaint was removed to this Court on December 16, 2015. See Doc. No. 1. Plaintiff asserted claims against Nationstar and U.S. Bank for: (1) Fraud in the Concealment, (2) Unconscionable Contracts, (3) Breach of Fiduciary Duty, (4) Intentional Infliction of Emotional Distress, (5) Declaratory Relief, (6) Wrongful Foreclosure, and (7) Violation of California Homeowner Bill of Rights

---

[1] Defendant Aegis Wholesale Corporation (Aegis was liquidated through chapter 11 bankruptcy. See In re Aegis Wholesale Corp., No. 07-11120-BLS (Bankr. D. Del.).

("HBOR"). Id. On March 27, 2017, this Court dismissed Plaintiff's claims for breach of fiduciary duty and HBOR violation with prejudice, and granted Plaintiff leave to amend his remaining claims. See Doc. No. 17. On April 17, 2017 Plaintiff filed a first amended complaint ("FAC") in which he added BANA as a Defendant. See Doc. No. 18. On February 1, 2018, the Court granted the Defendants' motions, dismissing Plaintiff's unconscionable contract and declaratory judgment claims with prejudice. See Doc. No. 46. Plaintiff was granted leave to amend his remaining claims, but was admonished by this Court that "this will be the final opportunity to remedy the deficiencies on all remaining claims." Id. On March 5, 2018 Plaintiff filed his SAC, which re-asserted claims for fraud and intentional infliction for emotional distress and added new claims for unfair competition and slander of title. See Doc. Nos. 49. Both Defendants filed motions to dismiss. Doc. Nos. 50, 51. Plaintiff has filed a response in opposition to each Defendant's motion to dismiss, and Nationstar/U.S. Bank and BANA submitted replies to Plaintiff's oppositions. See Doc. No. 52, 53, 54, 56. On May 1, 2018, the Court took both motions to dismiss under submission, finding them suitable for adjudication without oral argument. See Doc. No. 57.

## **DISCUSSION**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss for failure to state a claim for relief. Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, the plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

3

556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the reviewing court must assume the truth of all factual allegations and construe them in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557). When ruling on a motion to dismiss, the court may consider facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

Under Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Under Ninth Circuit case law, Rule 9(b) imposes two distinct requirements on complaints alleging fraud. First, the basic notice requirements of Rule 9(b) require complaints pleading fraud to "state precisely the time, place, and nature of the misleading

4

statements, misrepresentations, and specific acts of fraud." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994); see also Vess v. Ciba-Geigy Corp., U.S.A., 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted) (stating that a plaintiff must set forth "the who, what, when, where and how" of the alleged misconduct). Second, Rule 9(b) requires that the complaint "set forth an explanation as to why the statement or omission complained of was false or misleading." Yourish v. California Amplifier, 191 F.3d 983, 993 (9th Cir. 1999) (citation and quotation omitted).

### a. Analysis

Nationstar/U.S. Bank and BANA offer several arguments in support of their Motions to Dismiss. The arguments will be addressed in turn below.

### 1. Insufficient Allegations Against U.S. Bank

Nationstar/U.S. Bank contend Plaintiff fails to allege any wrongdoing against U.S. Bank. See Doc. No. 50–1, pg. 10. Nationstar/U.S. Bank quote the only two paragraphs which reference U.S. Bank and argue that they are insufficient to state any claim for relief, let alone a plausible one. Id. at pg. 11. Plaintiff's opposition does not include any substantive discussion pertaining to the sufficiency of his allegations against U.S. Bank. See Doc. No. 53. Moreover, a thorough review of the SAC reveals that Plaintiff has again failed to allege sufficient facts to support any plausible claim against U.S. Bank. Therefore, as to Defendant U.S. Bank, the Motion to Dismiss Plaintiff's FAC is **GRANTED**. All claims against Defendant U.S. Bank are **DISMISSED**.[2]

### 2. Plaintiff's Fraud Claims

This Court looks to state law in order to determine whether the elements of fraud have been properly pled. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003). "The elements of a cause of action for fraud in California are: '(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or

---

[2] The Court will proceed with analysis of Nationstar/U.S. Bank's Motion to Dismiss as it pertains to Nationstar only.

5

'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009) (citing Engalla v. Permanente Med. Group, Inc., 15 Cal.4th 951, 974 (1997)). Furthermore, while this Court will utilize state law to determine whether the elements of fraud have been sufficiently pled, the federal Rule 9(b) requiring that the circumstances of the fraud must be stated with particularity will also be imposed. Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir. 1985).

Nationstar argues Plaintiff's fraud allegations are "virtually identical" to those in the first amended complaint ("FAC"), which this Court has already held to be insufficient. See Doc. No. 50–1, pg. 11. Nationstar contends that the fraud allegations in the SAC only differ from those in the FAC in two respects, an allegation which incorrectly describes the Notice of Default[3] and a "vague assertion" that all the defendants have been "unjustly enriched" by BANA's 2013 recording of an assignment of the Deed of Trust to Nationstar, when BANA lacked the authority to do so. See Doc. No. 49, ¶¶ 11, 27. Plaintiff's opposition to Nationstar's Motion to Dismiss is mislabeled, unorganized, and borders on the nonsensical. For example, Plaintiff's opposition to Nationstar is labeled as "Opposition to Defendant, Bank of America N.A.'s Motion to Dismiss Plaintiff's Second Amended Complaint" and Plaintiff labels the section concerning fraud as "Plaintiff's fraud claim against Bank of America N.A. is pled sufficiently." Doc. No. 53. More consequential than the mislabeling is that Plaintiff fails to address any arguments raised by Nationstar.

BANA argues that Plaintiff's fraud claims are "primarily aimed at co-defendant Aegis Wholesale . . . for [] purported misrepresentations [made] to Plaintiff at the time of the Loan's origination." Doc. No. 51–1, pg. 11. BANA further argues that the only fraud reference to Bank of America is regarding the October 30, 2013 assignment, which BANA

---

[3] In the SAC, Plaintiff alleges that the Notice of Default identifies Nationstar as the beneficiary. However, the attached Notice of Default indicates that Nationstar was identified as the loan servicer. See Doc. No. 49, pgs. 54–59.

6

contends was "simply a mistake." Id. at 12. Plaintiff argues that Bank of America "knowingly and willingly" perpetrated fraud when Bank of America Assistant Vice President Tanya Henry signed the October 30, 2013 fraudulent assignment then subsequently recorded it. See Doc. No. 52, pg. 5.

In previous orders dismissing Plaintiff's fraud claims against both Defendants this Court has clearly identified the Rule 9(b) deficiencies Plaintiff must rectify. Specifically, that Plaintiff's pleadings fail to "state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud." See Doc. No. 46, pg. 7 (quoting Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994)). Here, just as in his FAC, Plaintiff is unclear as to who actually made a misleading statement or misrepresentation, when the misleading statements was made, or whether any misleading statements were made at all. Plaintiff's fraud allegations are fundamentally identical and equally deficient to those in the FAC, and therefore, must likewise be **DISMISSED**.

### 3. Plaintiff's Intentional Infliction of Emotional Distress Claim against Nationstar and Bank of America

Plaintiff's intentional infliction of emotional distress allegations are virtually identical to those in his FAC. Compare Doc. No. 18, ¶¶ 40 – 50 *with* Doc. No. 49, ¶¶ 29–39. In dismissing Plaintiff's FAC, this Court found that Plaintiff "fail[ed] to allege any outrageous or extreme conduct . . . [t]he behavior which is alleged is commonplace in the foreclosure process and does not exceed the bounds accepted by a decent society." Doc. No. 46, pg. 10. It appears that Plaintiff does not even attempt to cure the defects identified in this Court's order dismissing the FAC, as Plaintiff simply repeats the same allegations without amendment. Accordingly, Plaintiff's intentional infliction of emotional distress claim, as to both Nationstar and Bank of America, is **DISMISSED**.

### 4. Plaintiff's remaining UCL and Slander of Title claims

Plaintiff's remaining two claims, asserted for the first time in the SAC, allege violations of California's Unfair Competition Law ("UCL") pursuant to California Business and Professions Code § 17200 and Slander of Title. Both Nationstar and BANA

7

argue that Plaintiff's UCL claim should be dismissed because he lacks the requisite standing and Plaintiff is unable to allege any predicate UCL violation. See Doc. No. 50–1, pgs. 14–16; Doc. No. 51–1, pgs. 14–16. Additionally, both Nationstar and BANA move for dismissal of Plaintiff's slander of title claim arguing the recordation of the "wild deed" was privileged pursuant to California Civil Code section 47. Plaintiff's oppositions, while addressing certain arguments raised by Defendants, are utterly bereft of any argument in defense of Plaintiff's UCL and slander of title claims. See Doc Nos. 52, 53.

Where a plaintiff declines to defend a claim in opposition, the Court is within its discretion to treat plaintiff's silence as abandonment of the claim and concession that the claim be dismissed. See Conservation Force v. Salazar, 677 F.Supp.2d 1203, 1211 (N.D.Cal.2009) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived.") (citation omitted); Hopkins v. Women's Div. Gen. Bd. of Global Ministries, 238 F.Supp.2d 174, 178 (D.D.C.2002) ("[W]hen a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."). The Court construes Plaintiff's failure to address Defendants' arguments as concessions, accordingly, Plaintiff's UCL and slander of title claims are **DISMISSED**.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Nationstar/U.S. Bank's Motion to Dismiss [Doc. No. 50] and Bank of America's Motion to Dismiss [Doc. No. 51] are **GRANTED;**
2. All claims as to U.S. Bank are **DISMISSED with prejudice**;
3. Plaintiff was previously admonished that the SAC would be his "final opportunity to remedy the deficiencies" on his fraud, intentional infliction of emotional distress, and wrongful foreclosure claims. Plaintiff has failed to remedy the noted

8

deficiencies in these claims, as such, these claims are **DISMISSED with prejudice**;

4. Plaintiff's remaining UCL and slander of title claims are **DISMISSED without prejudice**;[4]

5. Plaintiff may file a third amended complaint **within twenty-one (21) days** from the date of this Order. Plaintiff is precluded from adding additional parties or additional claims. Plaintiff's failure to file an amended complaint by this date may result in dismissal with prejudice.

**IT IS SO ORDERED.**

DATED: 9/5/2018

JOHN A. HOUSTON
United States District Judge

---

[4] Plaintiff is again admonished that this will be the final opportunity to remedy the deficiencies on all remaining claims.

9