UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DARE,<br><br>                    Plaintiff,<br><br>v.<br><br>AEGIS WHOLESALE CORPORATION, et al.,<br><br>                    Defendants. | Case No. 15cv2833-JAH (BLM)<br><br>**ORDER GRANTING DEFENDANT NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS (Doc. No. 66)** |

## **INTRODUCTION**

Pending before the Court is Defendant Nationstar Mortgage LLC's ("Defendant" or "Nationstar") motion to dismiss ("Motion") Plaintiff Michael Dare's ("Plaintiff") Third Amended Complaint ("TAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Doc. No. 66. Plaintiff filed a response in opposition. See Doc. No. 68. The Motion is fully briefed. After careful review of the pleadings submitted by both parties, and for the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss (Doc. No. 66). Plaintiff's Third Amended Complaint (Doc. No. 64) is **DISMISSED with prejudice**.

//

//

1

# FACTUAL BACKGROUND[1]

Plaintiff filed the instant action concerning the property located at 1800 S. Juniper Street, Escondido, California ("Property"). See Doc. No. 1. In April of 2006, Plaintiff refinanced the Property with a $400,000 loan from Aegis Wholesale Corporation ("Aegis") and secured it by a Deed of Trust on the Property recorded on April 10, 2006. Doc. No. 66-1 at pg. 6.[2] The Deed of Trust named Commonwealth Land Title as Trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as the initial beneficiary. Id. In 2011, MERS assigned the deed of trust to U.S. Bank. Id. at pg. 7. In March of 2014, Nationstar, as attorney in fact for U.S. Bank, executed a substitution of trustee naming Sage Point Lender Services, LLC ("Sage Point") as trustee. Id. at pg. 3. Sage Point recorded a default against the property stating that Plaintiff owed $145,198.39 as of April 15, 2014. Doc. No. 66-1 at pg. 7.

# PROCEDURAL BACKGROUND[3]

On March 9, 2018, Defendant filed a motion to dismiss Plaintiff's Second Amended Complaint ("SAC") for failure to state a claim. See Doc. No. 50. On March 12, 2018, Defendant Bank of America ("Bank of America") also filed a motion to dismiss Plaintiff's SAC for failure to state a claim. See Doc. No. 51. On September 5, 2018, the Court issued an Order **GRANTING** both motions to dismiss Plaintiff's SAC. See Doc. No. 60. In the Order, the Court dismissed Plaintiff's UCL and slander of title claims without prejudice. Id. All other claims were dismissed with prejudice. Id. On February 11, 2019, the Court received and **GRANTED** Plaintiff's motion to reopen the case and file a TAC. See Doc. Nos. 62, 65. Plaintiff filed the TAC on February 11, 2019. See Doc. No. 64. On February 25, 2019, Defendant filed the Motion to dismiss pursuant to Rule 12(b)(6) of the Federal

---

[1] The Court addressed the case's prior factual history in its Order granting Defendants' motion to dismiss Plaintiff's complaint. See Doc. No. 60.
[2] Defendant Aegis Wholesale Corporation (Aegis was liquidated through chapter 11 bankruptcy). See In re Aegis Wholesale Corp., No. 07-11120-BLS (Bankr. D. Del.).
[3] The Court addressed the case's prior procedural history in its Order granting Defendants' motion to dismiss Plaintiff's complaint. See Doc. No. 60.

Rules of Civil Procedure. See Doc. No. 66. Plaintiff filed a response in opposition to Defendant's Motion on March 11, 2019.

## DISCUSSION

I.  Legal Standard

    a.  Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002);

Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts.

### b. Rule 9(b)

Under Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Under Ninth Circuit case law, Rule 9(b) imposes two distinct requirements on complaints alleging fraud. First, the basic notice requirements of Rule 9(b) require complaints pleading fraud to "state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994); see also Vess v. Ciba-Geigy Corp., U.S.A., 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted) (stating that a plaintiff must set forth "the who, what, when, where and how" of the alleged misconduct). Second, Rule 9(b) requires that the complaint "set forth an explanation as to why the statement or omission complained of was false or misleading." Yourish v. California Amplifier, 191 F.3d 983, 993 (9th Cir. 1999) (citation and quotation omitted).

### II. Analysis

Defendant argues that Plaintiff fails to state a UCL claim; fails to state a claim for slander of title; and cannot maintain a claim for declaratory relief. Doc. No. 66-1 at pgs. 11-18.

//

4

### a. UCL Claim

Defendant contends that "[t]he only allegations in Plaintiff's TAC that differ from those in the dismissed SAC are immaterial to, and thus cannot rescue, his failed UCL claim." Id. at pg. 11. Defendant argues that Plaintiff cannot identify loss of money or property that would give him standing under the California Business and Professions Code § 17200 et seq. (the "UCL"). Id.

### i. Standing

Specifically, Defendant argues that Plaintiff lacks standing to pursue a UCL claim because he cannot "(1) establish a loss or deprivation of money or property sufficient to qualify as…economic injury, and (2) show that the economic injury was…caused by [ ] the unfair business practice…that is the gravamen of the claim." Id. at pg. 12 (quoting Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 322 (2011) (emphasis in the original).

A federal court's judicial power is limited to "cases" or "controversies." U.S. Const., Art. III § 2. A necessary element of Article III's "case" or "controversy" requirement is that a litigant must have "'standing' to challenge the action sought to be adjudicated in the lawsuit." Valley Forge College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); LSO, Ltd. V. Stroh, 205 F.3d 1146, 1152 (9th Cir. 2000). To satisfy the standing requirement, both the UCL and the CLRA require a plaintiff to allege they have suffered economic injury and that the economic injury was caused by the unfair business practice of false advertising that is the mainstay of the claim. See Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 321 (2011); Stearns v. Ticketmaster Corp., 655 F.3d 1013 (9th Cir. 2011).

The "irreducible constitutional minimum" of Article III standing has three elements. LSO, 205 F.3d at 1152 (internal quotations omitted). First, plaintiff must have suffered "an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted). Second, plaintiff must show a causal connection between the injury and the conduct

complained of; *i.e.,* "the injury has to be fairly…trace[able] to the challenged action of the defendant, and not…the[e] result [of] the independent action of some third party not before the court." Id. (quoting Simon v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 41-42 (1976)) (alterations in original). Third, it must be "likely," and not merely "speculative," that the plaintiff's injury will be redressed by a favorable decision. Id. at 561. If the Court finds plaintiff lacks Article III standing, it must dismiss plaintiff's claim. Nichols v. Brown, 859 F. Supp. 2d 1118, 1127 (C.D. Cal. 2012).

Here, Defendant asserts that Plaintiff does not plead actionable unfair, unlawful, or fraudulent wrongdoing committed by Defendant. Doc. No. 66-1 at pg. 11. Defendant contends that Plaintiff fails to "claim that the Property has actually been sold in foreclosure, that he paid any fees to Defendant related to his default or pre-foreclosure activities, or that he otherwise lost money due to any of the alleged acts of Defendant." Id. Defendant asserts that any money Plaintiff did in fact pay Defendant "resulted from his voluntary Loan obligations and do not constitute actionable damages under the UCL." Id. (citing Auerbach v. Great W. Bank, 74 Cal. App. 4th 1172, 1185 (1999)). Defendant argues that "Plaintiff in essence objects to accounting practices concerning the Loan based on allegations that Defendant unfairly demanded payment of the Loan and, when he did not timely pay, charged fees relating to his default and the ensuing foreclosure." Id. at pg. 14.

In response, Plaintiff contends that his UCL claim is pled sufficiently. Doc. No. 68 at pg. 6. Plaintiff contends that Defendant's "acts and practices are likely to deceive, constitute a fraudulent business act or practice." Id. Plaintiff asserts that Defendant "continues to run the Plaintiff in circles." Id. at pg. 7. Plaintiff contends that Defendant refused to "allow Plaintiff to submit a loan modification package unless Plaintiff could prequalify for payments based on the suspect accounting from Bank of America, which further denied Plaintiff any hope of resolution without forcing Plaintiff into expensive litigation." Id.

The Court finds that Plaintiff lacks standing to assert a claim in the instant matter. While the standard for reviewing standing at the pleading stage is lenient, the Court

reiterates that a plaintiff cannot rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing. See Schmeir v. U.S. Ct. of Appeals for the Ninth Cir., 279 F.3d 817, 820 (9th Cir. 2001). Plaintiff fails to demonstrate economic injury. Plaintiff also fails to demonstrate such economic injury was the result of Defendant's unfair business practice. Plaintiff's does not explain why he has standing to assert a UCL claim against Defendant. See Doc. No. 68 at pgs. 6-8. Plaintiff paid Defendant money for his Loan obligations and did not incur damages. Doc. No. 66-1 at pg. 11. Plaintiff has not sufficiently plead anything that suggests otherwise.

### b. Slander of Title
#### i. Rule 9(b) Standard

Defendant asserts that a "plaintiff claiming slander of title must allege: "(1) publication; (2) falsity; (3) absence of privilege; and (4) disparagement of another's land which is relied upon by a third party and which results in pecuniary loss." Doc. No. 66-1 at pg. 15 (citing Flores v. EMC Mortg. Co., 997 F.Supp. 2d 1088, 1122 (E.D. Cal. 2014)). Defendant contends that Plaintiff's claim for slander of title is based on a Notice of Default, was privileged, did not disparage Plaintiff, and did not result in pecuniary loss. Doc. No. 66-1 at pgs. 15-16.

In response, Plaintiff asserts that Defendant relied on "fraudulent assignment" in substituting in as Trustee to Plaintiff's Deed of Trust. Doc. No. 68 at pg. 4. Plaintiff contends that the "fraudulent assignment" is what gives "authorization" to Defendant. Id. Specifically, Plaintiff argues that "Defendants have filed publications which misrepresent their authority to assign substitute Trustees, filed fraudulent documents and concealed their relationship." Id. at pg. 5. Plaintiff also argues that "Defendants intended to defraud Plaintiff by attempting to wrongfully foreclose on his property by fraudulently filing documents to try and achieve this goal." Id. at pgs. 5-6. Plaintiff asserts that these actions will cause pecuniary loss "if Defendants are afforded the ability to defraud the Plaintiff in the actions aforementioned." Id. at pg. 6. Plaintiff contends that Defendants' "slanderous action have made it impossible for Plaintiff to sell or rent his property. Id.

7

The Court finds that Plaintiff fails to sufficiently allege the "who, what, where, how, and why" of Defendant's misconduct. The pleadings do not allege with specificity how Defendant made misrepresentations to Plaintiff. In addition, the pleadings do not provide specific examples demonstrating Defendant's alleged misrepresentations. Instead, Plaintiff claims that Defendant's fraudulent and subsequently "slanderous actions have made it impossible for Plaintiff to sell or rent his property, resulting in a loss of income. The Court finds these allegations to be speculative and are insufficiently plead. Doc. No. 68 at pg. 6. Accordingly, the Court finds that Plaintiff has not pled with particularity sufficient to meet the 9(b) heightened standard.

### c. Declaratory Relief

Plaintiff seeks declaratory relief based on his UCL claim and slander of title claim. Doc. No. 66-1 at pg. 17. Because the Court finds that Plaintiff has not sufficiently pled the UCL claim and claim for slander of title, Plaintiff's claim for declaratory is dismissed as well.

## CONCLUSION

Based on the foregoing reasons, **IT IS HEREBY ORDERED** Defendant Nationstar's motion to dismiss (Doc. No. 66) is **GRANTED**. If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. United States ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001). The Court previously dismissed Plaintiff's UCL and slander of title claims without prejudice on September 5, 2018 (Doc. No. 60) and at this time finds that Plaintiff's pleading cannot be possibly cured by the allegation of other facts.

//
//
//
//

8

Thus, Plaintiff Michael Dare's Third Amended Complaint (Doc. No. 64) is **DISMISSED <u>with prejudice</u>**.

**IT IS SO ORDERED**.

DATED: April 1, 2019

_____
JOHN A. HOUSTON
United States District Judge