UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DARE,<br><br>                          Plaintiff,<br>v.<br><br>AEGIS WHOLESALE CORPORATION;<br>US BANK NATIONAL ASSOCATION;<br>NATIONSTAR MORTGAGE LLC;<br>BANK OF AMERICA, N.A., *et. al*,<br><br>                         Defendants. | Case No.: 15cv2833-JAH (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. Nos. 73, 74)** |

## INTRODUCTION

Pending before the Court is Plaintiff Michael Dare's ("Plaintiff") Motion for Reconsideration. After a review of the entire record of this matter, and for the reasons discussed below, the Court **DENIES** Plaintiff's motion for reconsideration.

## BACKGROUND

This suit concerns property located at 1800 S. Juniper Street, Escondido, California. Doc. No. 64 at 4. In 2006, Plaintiff refinanced the property with a $400,000 loan from Defendant Aegis Wholesale Corporation and secured it by a Deed of Trust recorded on April 10, 2006. Doc. No. 66-1 at 6. The Deed of Trust named Commonwealth Land Title as Trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as the initial

beneficiary. *Id.* In 2011, MERS assigned the Deed of Trust to U.S. Bank, National Association. *Id*. at 7. U.S. Bank thereafter substituted Sage Point Lender Services, LLC ("Sage Point") as trustee under the Deed of Trust. *Id.* at 7. Sage Point recorded a default against the property stating Plaintiff owed $145,198.39 as of April 15, 2014. *Id.* Nationstar Mortgage LLC("Nationstar") is identified as servicer of the Loan in the 2015 Notice of Default. *Id.*

## PROCEDURAL BACKGROUND

On February 11, 2019, Plaintiff filed a Motion to Reopen Case and a Third Amended Complaint against the Defendants in the above-captioned case alleging violations of California Business and Professions Code 17200, et. seq. (the "UCL"), and Slander of Title. Doc. Nos. 62, 64. The Court granted Plaintiff's motion. Doc. No. 65. Defendant Nationstar filed a Motion to Dismiss on February 25, 2019. Doc. No. 66. The motion to dismiss was fully briefed. Doc. Nos. 68, 69. On April 2, 2019, the Court granted Nationstar's Motion to Dismiss, finding Plaintiff lacks standing to assert a claim under the UCL, and Plaintiff does not sufficiently allege with the required specificity the "who, what, where, how, and why" of Defendant's misconduct to support a claim under Slander of Title. Doc. No. 71. The Court further determined that Plaintiff's pleadings cannot be cured and dismissed the Third Amended Complaint with prejudice. *Id.*

Plaintiff seeks reconsideration of the Court's April 2, 2019, Order dismissing the action as to Defendant Nationstar Mortgage. Doc. No. 73. Plaintiff asserts the Court erroneously granted the motion to dismiss based on the Federal Rules of Civil Procedure Heightened 9(b) heightened pleading standard for fraud despite Plaintiff asserting a claim for Slander of Title. *Id.* at 3. Plaintiff re-asserts allegations that Bank of America's assignment of the Deed of Trust to Nationstar Mortgage placed a cloud on Plaintiff's title, which "was prepared and authorized without any authorization." *Id.* Plaintiff also filed a supplemental document to his Motion for Reconsideration. Doc. No 74. Therein, Plaintiff alleges he specifically plead the unfair business practices of Defendant, who is "dealing unfairly with Plaintiff pertaining to the Deed of Trust on his house . . . allowing him

standing to defend his contract and property." *Id.* at 3. Plaintiff also claims Nationstar is "refusing to provide accurate accounting on Plaintiff's Deed of Trust, further denying Plaintiff any hope of resolution without expensive litigation" which satisfies the requirement of showing an economic injury to support a claim under the UCL. *See id.*

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a court may, upon motion, relieve a party from final judgment or order for: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence. . .; (3) fraud. . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged. . .; or (6) any other reason justifying relief from the operation of judgment." FED. R. CIV. P. 60(b). However, a motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted). Accordingly, a motion for reconsideration is not an appropriate vehicle for rehashing arguments the court has already rejected. *Howard v. Gutierrez*, 571 F.Supp.2d 145, 150 n. 1 (D.D.C. 2008).

## DISCUSSION

Plaintiff has not presented any newly discovered evidence or an intervening change in controlling law. When evaluating if the Court made a clear error, Plaintiff's arguments also fail. Plaintiff raises the "same arguments, facts and case law" that this Court already considered, which is insufficient grounds to grant reconsideration. *See Wargnier v. National City Mortg. Inc.*, No. 09cv2721–GPC–BGS, 2013 WL 3810592, at *2 (S.D. Cal. July 22, 2013) (denying motion for reconsideration where the motion reflected the same arguments, facts, and case law that were previously considered and ruled upon by the court); *see also ArchitectureArt LLC v. City of San Diego*, No. 15-CV-01592-BAS-NLS, 2017 WL 1346899, at *1 (S.D. Cal. Apr. 4, 2017) (denying motion for reconsideration where movant rehashed the same arguments made in its motion for summary judgment).

The Motion fails to raise any valid reason for the Court to grant reconsideration, as Plaintiff's motion is based solely on facts alleged in Plaintiff's Third Amended Complaint and discussed in the Court's Order. *See* Doc. Nos. 64, 71. For the same reasons, the high standard for granting a motion for reconsideration as articulated by the Ninth Circuit in *Kona Enters* is clearly not met here. Finally, Plaintiff's Motion for Reconsideration does not address the appropriate legal standard for motions for reconsideration and instead relies upon the Federal Rule of Civil Procedure 54, which is not applicable.

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED Plaintiff's motion for reconsideration is **DENIED**.[1]

DATED: December 20, 2019

_____
JOHN A. HOUSTON
United States District Judge

---

[1] The Court is aware that Plaintiff has filed another Complaint in 19cv1765-JAH (MSB) regarding the same property at issue in the above-captioned case, and naming Nationstar Mortgage as Defendant. The Court declines to continue indulging Plaintiff's use of the Court as a tactic to prolong potential foreclosure proceedings. Plaintiff is warned that any additional motions filed with the Court should only be done if in good faith.